# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SCOTT MAGNUSON,**

    **Plaintiff,**

**v.**                                                            Case No. 8:09-cv-2251-T-30TBM

**NCC BUSINESS SERVICES, INC.,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff Scott Magnuson's Motion for Summary Judgment (Dkt. 11) and Defendant NCC Business Services, Inc.'s Response in opposition (Dkt. 13). The Court, having considered the motion, response, and being otherwise advised on the premises, concludes that the motion should be denied.

### **Background**

Plaintiff Scott Magnuson brings this action against Defendant NCC Business Services, Inc. ("NCC") alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. 559.55 et seq. Magnuson is a consumer and NCC is a debt collector as defined by the statute.

In his complaint, Magnuson contends that he received, and continues to receive, numerous calls from NCC regarding the collection of an alleged debt arising out of an apartment lease. NCC allegedly called Magnuson at least once every day, sometimes on his cell phone while he was at work. Magnuson asked NCC to stop calling him, though not

necessarily in writing, but the calls continued. Magnuson further asserts that he has not received anything in writing regarding the alleged debt as required by section 1692g(a) of the FDCPA. Specifically, Magnuson alleges violations of the FDCPA, Sections 1692e(1), 1692d, 1692f, 1692g(a)(1) - (5), 1692c(a)(1) - (3) and the FCCPA, Sections 559.72(7), (8), and (15).

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial. *Chelates*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

**Discussion**

Magnuson moves for summary judgment arguing that NCC violated Section 1692b of the FDCPA[1] based on two phone calls to Magnuson's parents' home on August 21, 2009, and October 17, 2009. Magnuson contends that his mother's deposition testimony undisputedly shows that during the call on August 21, NCC disclosed to his mother the nature of the debt and the amount owed, in violation of section 1692b(2). However, NCC provided an audio recording of the August 21 call. The recording reveals that the caller, an NCC employee, did not say that she was calling regarding the collection of a debt nor the

---

[1] Magnuson did not allege violations of this section in his complaint. In addition, though Magnuson alleged violations of the FCCPA in his complaint, the Motion for Summary Judgment does not address that statute at all. Therefore, the Court construes the motion as a motion for partial summary judgment.

amount of the debt. This recording at least raises an issue of fact as to whether the communication violated the FDCPA.

Magnuson further asserts that NCC violated Section 1692b(3) by calling his parents home again on October 17, 2009. It is undisputed that Magnuson's parents have two telephone lines with different phone numbers. The August 21 call was made to a phone number ending in 8337. NCC asserts that no other calls were made to that phone number and that the October 17 call was made to a phone number ending in 3348. Section 1692k(c) provides: "A debt collector may not be held liable in any action brought under this title [15 USCS §§ 1692 et seq.] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c). There is no evidence that NCC was aware that the different phone number was a second phone line to the same home. The question of whether the October 17 was the result of a bona fide error remains for a jury to decide.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff Scott Magnuson's Motion for Summary Judgment (Dkt. 16) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2251.msj 11.frm